UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SARAH DORROS, *et al.*            )
                                  )
    Plaintiffs,                )
                                  )
v.                                )   Civil Case No. 04-2061 (RJL)
                                  )
DISTRICT OF COLUMBIA, *et al.*    )
                                  )
    Defendants.                )

## MEMORANDUM OPINION
(September 21, 2007) [# 8, # 13]

Before the Court are the parties' cross-motions for summary judgment. The plaintiffs, Sarah Dorros and her parents Gerald and Arielle Dorros, challenge a hearing officer's decision declining to evaluate, as premature, whether: (1) the District of Columbia Public Schools ("DCPS") had effectively denied plaintiff Sarah Dorros ("Sarah") Free Appropriate Public Education ("FAPE") by its failure prior to the commencement of the school year to determine eligibility, develop an Individualized Education Program ("IEP") and determine a placement for the student; and (2) Sarah's parents unilateral placement of her at The Ivymount School ("Ivymount") was inappropriate. After due consideration of the pleadings and the record herein, the Court GRANTS defendants' motion for summary judgment and DENIES plaintiffs' motion for summary judgment.

## BACKGROUND

Sarah is an eight year old child who has been diagnosed with high-functioning autism. Prior to the 2004-05 school year, Sarah lived with her parents in New York City and attended



the New York City Preschool Development Center after she was found to be eligible by school authorities for special education services. (AR 89-110, 353.) In January of 2004, while still living in New York, Sarah's parents applied for her admission to The Ivymount School ("Ivymount"), a private special education school in Maryland. In March 2004, they received word of her admission. (AR 369.)

On July 8, 2004, after moving to Northwest Washington, D.C., Sarah's father went to their local school, Murch Elementary School ("Murch"), to register Sarah and to begin the process of determining her eligibility for special education under IDEA by completing a Teacher Assistance Team form and a Consent for Evaluation form. (AR at 153-54.) He did *not*, however, inform the Murch school staff that she had already been accepted at Ivymount for the upcoming academic year. The Dorros family later received a letter from Murch's principal, Dr. Cuthbert, dated July 8, 2004, which stated that she had received all the necessary special education paperwork from New York and was beginning the evaluation process in Washington, D.C. (AR 156.)

On August 17, 2004, plaintiffs' counsel sent a letter to the Murch school's principal informing her for the first time that plaintiffs had secured placement for Sarah at Ivymount for the upcoming school year and requested that Dr. Cuthbert expedite the process to insure IDEA for Sarah at this location. (AR 13.) Although the assessment process was not completed, the Dorros' unilaterally enrolled Sarah at Ivymount in early September. (Compl. ¶ 23.) Meanwhile, on September 29, 2004 and October 4, 2004, two DCPS psychologists,

a DCPS case manager, and a DCPS speech-language pathologist observed Sarah and concluded that "Sarah is a previously diagnosed high functioning autistic child who meets the criteria for services as an autistic student. She is in need of services to address these delays in a setting appropriate to meet the needs of a high functioning autistic student." (AR 162, 169-74, 289, 292, 347.)

On October 8, 2004, nearly a month *prior* to the expiration of the statutory 120-day assessment period, plaintiffs requested a due process hearing alleging that DCPS had failed to identify Sarah's needs and had neglected to provide her with the appropriate special education services. (AR 10-12.) On October 26, 2004, DCPS faxed a letter to plaintiffs' counsel which included three proposed dates for a meeting to develop Sarah's Individual Education Program ("IEP"). (AR 166.) On November 3, 2004, plaintiffs' counsel responded to DCPS that they were unavailable on the dates proposed, but offered no alternative dates. (AR 167.) With a letter dated that same day, DCPS suggested the same dates but at different times and noted that, "in order to comply with timelines regarding the special education process . . . all efforts must be made to convene a[n] IEP meeting in a timely manner." (AR 164, 305.) Plaintiffs' counsel again responded that these dates were not acceptable. (AR 168.) On November 10, 2004, a due process hearing was convened before Impartial Hearing Officer Seymour DuBow. (AR 308, 328.) Hearing Officer DuBow heard testimony and received written exhibits regarding Sarah's medical history and her educational background and status.

In a decision dated November 17, 2004, the hearing officer found that "DCPS was prepared to meet before the expiration of the 120 day assessment period to complete the special education process, but that counsel for the parents delayed that process in not responding to DCPS's letter of invitation for seven (7) days to indicate he was not available on those three dates." (AR 5.) Nevertheless, the hearing officer concluded that it was premature for him to address the issues raised by the Dorros family because it would, in effect, short circuit the educational review process [1] "before an imminent MDT meeting convenes to determine eligibility, develop an IEP and determine placement." (AR 5-6.)

On December 2, 2004, the DCPS agreed to fund Sarah's placement at Ivymount beginning on December 2, 2004 and has funded her placement ever since. Plaintiffs appeal this decision by the hearing officer, and seek tuition reimbursement for the cost of Sarah's placement at Ivymount from the start of the 2004-05 school year to December 1, 2004, when DCPS began funding Sarah's placement at The Ivymount School. (*See* Def.'s Statement of Material Facts ¶ 27.)

## ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers

---

[1](AR 6 (citing *Sanger v. Montgomery County Bd. of Educ.*, 916 F. Supp. 518, 527 n.9 (D. Md. 1996).)

to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The IDEA guarantees children with disabilities the right to a free appropriate public education ("FAPE"). 20 U.S.C. § 1400(d)(1)(A). In designing an appropriate education for students with disabilities, the child's parents, teachers, school officials, and other professionals collaborate to develop an individualized education program ("IEP") to meet the child's unique needs. 20 U.S.C. § 1414(d)(1)(B). While the District of Columbia is required to provide Sarah with a public education, it does not "guarantee any particular level of education." *Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 192 (1982). If the parent objects "to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," he may seek an impartial due process hearing. 20 U.S.C. §§ 1415(b)(6), 1415(f)(1). If the parent is dissatisfied with the outcome of that hearing, he may appeal the decision to a state court or a federal district court. 20 U.S.C. § 1415(i)(2)(A).

In evaluating a hearing officer's decision, this Court must review the record of the administrative proceedings and give due weight to the hearing officer's decision. 20 U.S.C. § 1415(i)(2)(B)(iii); 34 C.F.R. § 300.512(b)(3); *Rowley*, 458 U.S. at 206. Moreover, the burden of proof is with the party challenging the administrative determination, who must "'at least take on the burden of persuading the court that the hearing officer was wrong.'" *Reid v. Dist. of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005) (quoting *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988)).

To determine whether a FAPE has been provided, courts must determine whether: (1) the school complied with the IDEA's procedures; and (2) the IEP developed through those procedures is reasonably calculated to enable the student to receive educational benefits. *Loren F. v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1312 (11th Cir. 2003). Even where a FAPE is not provided, however, courts can nevertheless deny reimbursement if a parent's own actions frustrated the school district's efforts. *See id.* at 1312-13; *MM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 533-35 (4th Cir. 2002) (finding that school district was not liable for a failure to timely complete IEP where parents ceased to cooperate in IEP's completion after placing child in private school); *Doe v. Defendant I*, 898 F.2d 1186, 1189 n.1 (6th Cir. 1990) (holding that school district was not liable for a failure to timely complete IEP when IEP's non-completion was attributable to parent's request that school allow student to perform "on his own for a while"). That is, essentially, what happened here.

Plaintiffs allege that DCPS failed to comply with the IDEA's procedures because DCPS failed to complete the assessment of Sarah's needs within 120 days as required by

6

District of Columbia law, D.C. Code Section 38-2501(a)[2] (requiring that a school district "assess or evaluate a student who may have a disability and who may require special education services within 120 days from the date that the student was referred for an evaluation or assessment"),[3] and because DCPS "refus[ed] to schedule the IEP meeting at a mutually convenient time" in compliance with D.C. Regulations, 5 D.C.M.R. § 3003.6. (Pls.' Mot. Summ. J. at 13, 16.) This argument, however, is irrelevant to the issue before this Court.

Plaintiffs have filed this suit seeking to overturn the Impartial Hearing Officer's decision to deny plaintiffs' relief because it was premature to do so *prior* to "an imminent MDT meeting convenes to determine [Sarah's] eligibility, develop an IEP and determine placement." (AR 6.) They have cited *no* precedent in this, or any other Circuit, suggesting the hearing officer's decision was wrong as a matter of law. Based on this Court's review of the hearing officer's decision, it is satisfied that his judgment to let the educational review process proceed to its completion was not only legally, but practically, appropriate in a case where plaintiffs, by their own conduct, delayed the commencement of the 120-day review period until July 2004 even though their daughter had been admitted four months earlier to the very school in which they ultimately enrolled her. It is disingenuous, at best, for them

---

[2] This law has recently been repealed and replaced with a law with the same language. D.C. Code § 38-2561.02. This was the governing law at the time of the Hearing Officer's determination.

[3] In this case, because the parent initiated the process on July 8, 2004, the deadline for completing the 120-day special education process was November 8, 2004.

to seek a reimbursement for the first three months of the school years' tuition when their delay in bringing it to the attention of DCPS insured a completion date of the 120 day period over two months into the school year (*i.e.* November 8, 2004). At most, plaintiffs should be able to seek reimbursement for the period between November 8 and December 2, 2004. Whether that is appropriate, however, is a matter properly before a hearing officer in the first instance. Accordingly, absent a legal basis to reverse the hearing officer's decision to defer to the completion of the existing 120-day process, the Court affirms his judgment. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge